WILLIAM R. RANDOLPH, APPELLEE AND CROSS-APPELLANT,
V. DEPARTMENT OF CORRECTIONAL SERVICES ET AL.,
APPELLANTS AND CROSS-APPELLEES.

289 N. W. 2d 529

Filed March 4, 1980. No. 42693.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellants.

Lauren W. Wismer of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

This appeal arises by reason of a judgment entered by the District Court for Lancaster County, Nebraska, finding that the Department of Correctional Services (Department) is prohibited by the provisions of section 83-151, R. S. Supp., 1978, from assessing a handling charge against an inmate of the Nebraska Penal and Correctional Complex (Complex). We concur with the decision of the trial court and affirm the judgment.

The facts in the case are virtually without dispute and have to a large extent been stipulated to by the parties. The appellee in this case, William R. Randolph (Randolph), was confined at the Complex. During the time that Randolph was so confined the Department promulgated and had in effect certain rules and regulations concerning the acquisition and disposition of hobby materials by inmates of the Complex. In particular, the official memorandum,

No. 854.002 (rules), adopted November 20, 1975, and amended October 4, 1977, provides that any materials purchased by an inmate for hobby purposes must be paid in full before the merchandise will be released to the offender. Dept. Rule 854.002 (1). The regulations further provide that inmates may deliver to a hobby association finished craft for sale at the front hobby counter of the Complex or in the alternative may sell the hobby craft to outside sources by mail. Dept. Rule 854.002 (10 a and c).

The rules provide that the sale price for the item is the price established for the item by the inmate plus a 5 percent handling charge and state tax added to the sale price, all to be paid by the purchaser. Dept. Rule 854.002 (10 b). According to the rules, the pricing policy is to be followed regardless of whether the hobby item is sold at the front hobby counter or by mail. Dept. Rule 854.002 (10 c). The evidence, however, discloses that notwithstanding the provisions of the rules, in fact a different practice is followed when the item is sold by mail than when it is sold at the front hobby counter.

According to the testimony of Kirk Schmidt, hobby director at the Complex, if a hobby item is sold at the front hobby counter at the inmate's requested sale price of $5, the purchaser pays $5.45, representing the sale price of $5, $.25 for handling charges, and $.20 for sales tax. Five dollars is credited to the inmate's account. If, however, an inmate sells the same $5 hobby item by mail to a jobber, no sales tax is charged and no handling charge is added to the sale price. When the jobber remits the $5 to the Complex, $.25 is deducted for the handling charge and only $4.75 is credited to the inmate. The practice as testified by Schmidt is contrary to the Department's own rules, even if valid.

Randolph instituted this action in the District Court to recover back money which had been withheld by the Department over a period of several

years and to have the practice of withholding funds from the inmates enjoined in the future. In making his claim, Randolph maintained that memorandum No. 854.002 was a rule or regulation promulgated by an agency of state government and as such could not become effective unless and until the provisions of section 84-901 et seq., R. R. S. 1943, were met. The provisions of section 84-901 et seq., R. R. S. 1943, concern the manner in which regulations of various agencies are promulgated, including the requirement of a public hearing, approval by the Attorney General, signature by the Governor, and the filing with the Revisor of Regulations.

The trial court found that memorandum No. 854.002 was a regulation involving internal operations of the Complex and therefore need not meet the requirements of the act. § 84-901 (2), R. S. Supp., 1978. The trial court did, however, find that under the provisions of section 83-151, R. S. Supp., 1978, the Department could not withhold from the inmate's funds an amount for handling charges, which should have been paid by the purchaser. The trial court based its finding upon that portion of section 83-151, R. S. Supp., 1978, which reads as follows: "The prohibitions of this section shall not apply to items, such as hobby and craft items, manufactured or produced by offenders on their own time with their own resources, in which case any money derived from the sale of such hobby and craft items shall be placed in the offenders' own individual private accounts."

As we noted at the outset, the practice of deducting handling charges from the inmate's proceeds received in connection with mail-order sales is directly contrary to the rules of the Complex and should not have been done. While that reason alone would justify the action taken by the trial court, a reading of the section in question, section 83-151, R. S. Supp., 1978, clearly leads one to the conclusion the trial

court was entirely correct in its analysis. Any money derived from the sale of the hobby or craft item made with an offender's own resources must belong to the offender and must be placed in the offender's account.

The Department maintains that the words "any money" mean net proceeds and not gross proceeds. In support of that position the Department argues that unless the words mean "net" then there is no way to collect sales tax. With that, we do not agree. According to the statute in question, section 83-151, R. S. Supp., 1978, any money derived from the sale of the hobby or craft items belong to the offender and must be placed in his account. If, in addition to that, the law requires the purchaser to pay a sales tax or the Department requires the purchaser to pay a handling charge, those are matters in addition to the funds derived from the sale of the craft item itself and are collected in addition to the price placed upon the item by the inmate. Randolph does not argue that if the Department wishes to charge the purchaser a handling charge, it may do so. He simply objects to the Department charging him the purchaser's handling charge and deducting the amount from his sale price when the sale is by mail, while collecting the handling charge from the purchaser when the sale is made at the Complex. With that we agree. If the Department wishes to include a handling charge on items mailed and can justify the cost, they may do exactly what they do with regard to items sold at the front hobby counter. They may add the desired additional amount to the inmate's requested sale price. They may not, however, deduct from the inmate's proceeds the handling charge due to their failure to add it to the sale price. If permitted to do so, they would be compelling the inmate to pay the handling charge when the item is purchased by mail while requiring the purchaser to pay the handling charge when purchased

at the institution. We see no justification for such distinction nor do we believe that the clear meaning of section 83-151, R. S. Supp., 1978, can justify such action.

The Department further objects to the trial court's order on the ground that the evidence did not support the order directing the Department to restore to Randolph the sum of $1,367.99, being the amount allegedly withheld by the Department from Randolph during the period in question. We have reviewed the record and find sufficient evidence to support a judgment for $1,367.99. The trial court was correct in entering a judgment for the amount it did.

In view of our disposition of the case, we need not consider errors assigned by Randolph in his cross-appeal.

AFFIRMED.

BRODKEY, J., concurs in result.
HASTINGS, J., participating on briefs.